UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:14CV-P98-JHM

**RONALD E. PHILLIPS**                                                                                    **PLAINTIFF**

v.

**JOE BLUE** *et al.*                                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronald E. Phillips filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Subsequent to the complaint, Plaintiff filed a motion which he captioned as a "motion for injunction to be housed in a state facility" (DN 8). Because the motion alleges events that happened after the date of the complaint, the Court construes the motion as both a motion for injunctive relief[1] and a motion to supplement the complaint. **IT IS ORDERED** that the motion to supplement the complaint (DN 8) is **GRANTED**. *See* Fed. R. Civ. P. 15(d). This matter is before the Court on initial review of the complaint and supplemental complaint pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss the action.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a convicted inmate currently incarcerated at the Grant County Jail. The complaint concerns his previous incarceration at the Hopkins County Detention Center (HCDC). He sues Joe Blue, the Hopkins County Jailer, in his official capacity; and LaDonna Thompson, the Commissioner of the Kentucky Department of Corrections. He does not identify in which capacity he sues Thompson.

---

[1] The Court will address Plaintiff's motion for injunctive relief later in the opinion.

Plaintiff states that on September 3, 2014, he was placed in the HCDC Class D community work program. He states, "The parole board recomended the I participate in (OJT) to obtain real world work experience, and work a schedule that approximates the workday in the community, and pay me 65¢ for each day work and apply work credit toward my sentence." Plaintiff states that he performed his work but "the jailer has fail to properly compensate myself and a number of other state inmates." He states that he filed grievances and that "the Commissioner of Dept. of Corrections was made aware of the sititution, with unsatisfactory answewer and in so many words was told it's not a D.O.C. problem and that's why Ms Thompson has been named in this suit." He states, "My freedom and safety has been compromised and I really need the Court to intervene." As relief, Plaintiff seeks only injunctive relief in the form of "ordering the Hopkins Co. Jail to comply with CPP's and KAR's."

In the supplemental complaint, Plaintiff requests to be housed in a state facility "for the rest of his sentence or the disposition of this case whichever comes first." Plaintiff states that since filing the instant action, "I've experienced nothing but harassment." He states, "The same day I received the notice and order for filing fee . . . I was transfered . . . from Hoskin County Jail to Campbell County Jail and the order to transfer money from my account was totally ignored . . . ." Plaintiff states that when he arrived at the Campbell County Jail, "there was a incident about a ofc. takeing thirty (30$) cash out of my locker." He states that he requested grievance forms but was denied them. He states that he was then transferred to the Grant County Jail. He states, "It's clear that I'm intentionally being hindered from pursueing my case, upon leaveing Campbell County it was the same day commisary was to be delivered which total $23.23 I never received my goods was told I wouldn't be reimburst." He reports that when he entered the Grant County Jail he was told that he owes $25.00 for hygiene items that he did not

2

request or receive because he was allowed to keep his hygiene items from Campbell County. He states, "I know a lot of these jails work and contract with each other and I am very much in fear of my safety." Finally, Plaintiff states, "There's a lot of criminal activaty going on thats being covered up and I plan on contacting the U.S. District Atty. with my information, but I can't pursue my case being shuffled and robbed of my money."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

*Denial of work credit*

Plaintiff maintains that he was denied the opportunity to earn work credit while housed at the HCDC. As relief, he demands injunctive relief in the form of "ordering the Hopkins Co. Jail to comply with CPP's and KAR's." The claim fails for several reasons.

First, Plaintiff is no longer incarcerated at the HCDC. An inmate's claim for injunctive relief becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Therefore, Plaintiff's claim for injunctive relief concerning the conditions at the HCDC must be dismissed as moot.

Furthermore, even if Plaintiff had demanded monetary damages in connection with this claim, a prisoner does not have a constitutional right to prison employment. *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs). Likewise, "[a] Kentucky inmate possesses no inherent constitutional right . . . to accumulate good time credits." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation and internal quotation marks omitted). Therefore, Plaintiff's claim concerning the denial of work credit fails to give rise to a constitutional claim.

In addition, Plaintiff alleges that Defendants violated Kentucky Administrative Regulations and Kentucky Department of Corrections Policies and Procedures in denying him work credit. However, the violation of state statutes or regulations does not give rise to a claim under § 1983, which addresses deprivations of rights "secured by the Constitution and laws" of the United States. § 1983; *Baker v. McCollan*, 443 U.S. 137, 140 (1979). "A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules." *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988). Therefore, to the extent that Plaintiff alleges violations of state regulations or procedures, the argument is without merit. *See Monroe v. McNairy Cnty., Tenn.*, 520 F. Supp. 2d 917, 920 (W.D. Tenn. 2007).

For the foregoing reasons, Plaintiff's claim concerning denial of work credit will be dismissed for failure to state a claim upon which relief may be granted.

*Grievances*

Plaintiff also states that he filed grievances with Defendant Thompson and requested grievance forms but was denied them. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x

839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Therefore, Plaintiff's § 1983 claims concerning the denial of his grievances or failure to provide him with grievance forms will be dismissed for failure to state a claim upon which relief may be granted.

*Transfer to a state facility*

Plaintiff also seeks injunctive relief in the form of transfer to a state facility. However, inmates have no constitutional right to placement in a particular prison facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) (inmate has no constitutional right to be transferred from one institution to another); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility). Therefore, Plaintiff's injunctive-relief claim seeking a transfer to a state facility will be dismissed for failure to state a claim.

For the same reasons, Plaintiff's motion for injunctive relief in the form of a transfer to a state facility (DN 8) will be denied by separate Order.

*Harassment*

Plaintiff also alleges that he has experienced harassment. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, Plaintiff's allegations of harassment fail to state a claim upon which relief may be granted and will be dismissed.

*Retaliation*

To the extent that Plaintiff also is attempting to bring a retaliation claim based on his transfer from HCDC or alleged harassment, his allegations are insufficient to state a claim. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing

*Thaddeus-X*, 175 F.3d at 394). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Boyd v. T'Kach*, No. 99-cv-02431-ZLW-CBS, 2007 U.S. Dist. LEXIS 99247, at *8 (D. Colo. Sept. 28, 2007) (internal quotation marks omitted); *see also Harbin-Bey v. Rutter*, 420 F.3d at 580.

"[O]rdinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) (citing *Smith v. Yarrow*, 78 F. App'x 529, 543-44 (6th Cir. 2003)). "[T]ransfer to another institution of the same security level, with no other aggravating factors, is not sufficiently adverse to deter a person of ordinary firmness from engaging in the exercise of protected First Amendment activity." *Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 471 (6th Cir. 2001). Plaintiff's allegations concerning his transfers fail to meet the requirements for an adverse action. Moreover, his allegations of harassment are too broad to demonstrate an adverse action. Therefore, the facts alleged by Plaintiff fail to state a retaliation claim for being transferred or alleged harassment at HCDC.

### *Claims concerning incarceration in Campbell and Grant Counties*

Plaintiff's supplemental complaint includes claims concerning the conditions of his confinement at the Campbell and Grant County Jails. In order to bring claims in the same action, claims must satisfy the requirements for joinder in Fed. R. Civ. P. 20(a)(2), which provides:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While Plaintiff does not identify Defendants he wishes to sue at Campbell or Grant County Jail, his allegations concerning funds taken out of his prison account and denial of access to the courts do not satisfy the requirements for joinder as the actions took place at different institutions than the institution in the instant action, HCDC. Moreover, the claims involve different defendants and witnesses than those involved in the instant action. In addition, this Court is not the proper venue for claims concerning events that occurred in Campbell and Grant Counties. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 97(a).

The Court, therefore, will not consider the claims pertaining to Plaintiff's detention in Campbell or Grant County. Should Plaintiff wish to file a separate § 1983 action concerning these allegations, the Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint packet should Plaintiff choose to use it.

For the foregoing reasons, the Court will enter a separate Order dismissing the instant action.

Date: March 3, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4414.010